IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JESSICA NICHOLS-VILLALPANDO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>LIFE CARE CENTERS OF AMERICA, )<br>INC., )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br><br>No. 05-2285-CM |

## MEMORANDUM AND ORDER

Plaintiff Jessica Nichols-Villalpando, a former employee of defendant Life Care Centers of America, Inc., brought this action for sexual harassment and retaliatory discharge under 42 U.S.C. § 2000e, *et seq.* On February 8, 2007, the jury returned a verdict for defendant. This matter is before the court on Plaintiff Jessica Villalpando's Motion for New Trial (Doc. 107).

**I.   Legal Standard**

To set aside the jury verdict, plaintiff must demonstrate either (1) a trial error that constitutes prejudicial error or (2) that the verdict is not based on substantial evidence. *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983). When determining whether a trial error is prejudicial, the court should "ignore errors that do not affect the essential fairness of the trial" or the substantial rights of the parties. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553 (1984); *see also* Fed. R. Civ. P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). "An error affects a party's substantial rights if it altered the outcome of the proceedings or produced a contrary result." *Smith v. Cochran*, 182 Fed. App'x 854, 859 (10th Cir. 1006). "Where a new trial motion

asserts that the jury verdict is not supported by the evidence, 'the verdict must stand unless it is "clearly, decidedly, or overwhelmingly against the weight of the evidence."'" *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999) (quoting *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996)). The court must remember that the jury has the exclusive function of "determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." *Veile v. Martinson*, 258 F.3d 1180, 1190–91 (10th Cir. 2001).

A motion for a new trial is committed to the sound discretion of the trial court. *McDonough,* 464 U.S. 548 at 556; *Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F .3d 1186, 1194 (10th Cir. 1997). In reviewing a motion for new trial, the court must view the evidence in the light most favorable to the prevailing party. *Anaeme*, 164 F.3d at 1284 (citations omitted).

**II.   Discussion**

    *A.   Evidentiary Errors*

        **1.   Testimony Regarding Alzheimer's**

Plaintiff argues that the testimony by Ms. Biehl and Ms. Rinas about the special needs of Alzheimer's patients was improper expert evidence under Fed. R. Evid. 702 and unduly prejudicial under Fed. R. Evid. 403. Defendant argues that Ms. Biehl's and Ms. Rinas's testimony was admissible as lay witness opinions under Fed. R. Evid. 701. Rule 702 governs the admissibility of expert witness testimony, testimony based upon scientific, technical, or specialized knowledge. Rule 701 governs the admissibility of lay witness opinions. Under Rule 701, opinion testimony of lay witnesses is permissible if the opinions are (1) rationally based on the perception of the witness; (2) helpful to the determination of a fact in issue; and (3) not based on scientific, technical, or

specialized knowledge. Fed. R. Evid. 701.

Ms. Biehl's and Ms. Rinas's testimony about Alzheimer's patients was limited to their personal perceptions from working for defendant and not based on specialized or technical knowledge. Ms. Biehl testified that (1) the residents' family members believe that a routine schedule and a familiarity with the caregivers is important to the residents and (2) she prefers defendant's staff, which defendant trains, to care for the residents over an outside company. Ms. Rinas testified that she had worked for defendant for fifteen years and that Alzheimer's patients need a continuity of care. Their testimony related to facts in issue—the motivation behind defendant's attendance policy and defendant's desire to have plaintiff return to work. The court finds that the testimony is admissible lay witness testimony under Rule 701. Additionally, the evidence was admissible under Fed. R. Evid. 403. Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Fed. R. Evid. 403. The court finds that the probative value of Ms. Biehl's and Ms. Rinas's testimony was not substantially outweighed by the danger of unfair prejudice or confusion.

After reviewing the record, the court finds that the admission of Ms. Biehl's and Ms. Rinas's testimony, as limited by the court, was proper. Moreover, if in error, the admission of their testimony was a harmless, as it did not affect the essential fairness of the trial.

Plaintiff also makes a passing reference to evidence regarding a 2002 sexual harassment incident at defendant's facility, arguing that defense counsel referred to evidence that defendant had not disclosed prior to trial. But plaintiff fails to provide support for why defendant was required to provide this information. Plaintiff was aware of the 2002 incident prior to trial and could have requested discovery on the issue. Plaintiff has failed to demonstrate that defense counsel's reference

to the 2002 incident was prejudicial.

### 2. Invitation to Orientation

Plaintiff alleges that she was prejudiced because Ms. Biehl testified that plaintiff and Ms. Aden had been invited to, but declined to attend, a sexual harassment orientation in September 2004. Plaintiff argues she was surprised by this evidence because defendant did not indicate that Ms. Biehl would testify about this topic in its Fed. R. Civ. P. 26(a)(1) disclosures. "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The determination of whether a Rule 26(a) violation is justified or harmless is within the court's discretion. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). Although the court need not make explicit findings regarding the justification or harmlessness of the failure to disclose, the court should consider the following four factors:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mut. Life*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).

In its Rule 26 disclosure, defendant did not disclose that Ms. Biehl would testify about whether plaintiff or Ms. Aden had the opportunity to attend a sexual harassment orientation. But plaintiff was aware that Ms. Biehl had information about the issue. At Ms. Biehl's deposition, plaintiff's counsel questioned her about whether plaintiff and Ms. Aden participated in defendant's orientation program and the timing of the orientation programs. Biehl Depo. 10:1–12:11. Plaintiff has not provided any evidence that she did not have an opportunity to learn information about this

issue during discovery or that defendant willfully kept this information from plaintiff. Moreover, at trial, Ms. Biehl testified about the issue at the bequest of plaintiff's counsel. He asked her whether the next orientation that was offered was in December, and she replied that it was offered September 16, 2004. When he pointed out that she had testified in her deposition that the orientations were only provided quarterly, she reminded him that she testified that they were provided more often if necessary and that he did not ask her when the next one had taken place. This evidence was presented at trial without interruption, and plaintiff was able to examine Ms. Biehl on the issue.

The court finds that defendant's failure to specifically state that Ms. Biehl would testify on this topic in its Rule 26 disclosures was harmless. The court further finds that the introduction of this evidence at trial was harmless and does not warrant a new trial.

### 3. Destruction of Notes

Plaintiff contends that the court erred by excluding testimony that Ms. Biehl destroyed the notes she took during her interviews with other employees about Mr. Newbill. Plaintiff argues that she was entitled to a favorable inference from the destruction of the notes. Under Tenth Circuit law, a plaintiff must generally show the defendant acted in bad faith before the court will permit an inference that "production of the document would have been unfavorable to the party responsible for its destruction." *See Arambru v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997).

Plaintiff relies on *Hicks v. Gates Rubber Co.*, 833 F.2d 1406 (10th Cir. 1987), for the proposition that she does not need to show bad faith. In *Hicks*, the court found that the employee was entitled to a favorable presumption without showing bad faith because the employer destroyed personnel records—clock charts and daily reports—in violation of 29 C.F.R. § 1602.14. *Id.* at 1419. Unlike the records in *Hicks*, the documents at issue in this case are handwritten interview notes that were incorporated into a report for Ms. Biehl's supervisor. Plaintiff provided no authority for her

position that notes incorporated into a final report must be maintained under 29 C.F.R. § 1602.14. And the court has found none. *See, e.g., Rummery v. Ill. Bell Tele. Co.*, No. 97 C 6516, 2000 WL 343469, at *11 (N.D. Ill. Mar. 30, 2000) ("[29 C.F.R. § 1602.14] does not direct that an employer must retain documentation, such as the ranking notes, that record the processes that produced a given record; it merely requires that the personnel records relating to termination must be retained."). Plaintiff must establish that defendant destroyed the documents in bad faith before receiving an inference that the destroyed documents would bolster her case. After reviewing the record, the court upholds its previous ruling. Plaintiff has not shown that Ms. Biehl destroyed her notes in bad faith.

Additionally, the court finds that any potential trial error does not constitute prejudicial error. Plaintiff was free to inquire about Ms. Biehl's investigation, including the names of the interviewees, the manner in which she conducted the interviews, and her report to her superiors. The only evidence excluded was that she did not retain the notes she took during her interviews.

### 4.    **Change in Polices**

Plaintiff argues that the court erred by excluding evidence about subsequent changes defendant made in its sexual harassment policies and procedures. Fed. R. Evid. 407 provides that :

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence . . . . [The measures may be admitted] when offered for another purpose, such as . . . feasability of precautionary measures, if controverted . . . ."

Fed. R. Evid. 407. Plaintiff's primary reason for wanting to admit this evidence was for the purpose specifically prohibited by Rule 407—to establish defendant's negligence. Plaintiff also argues she should be allowed to present the evidence to prove that other methods of informing employees about the sexual harassment policies was feasible. But defendant did not dispute the feasability of such

-6-

actions, and thus, this evidence was not admissible. The court finds it was not prejudicial error to excluded testimony regarding defendant's subsequent change in policy.

### B.     Weight of the Evidence

Plaintiff contends that she "presented overwhelming evidence that she made a good faith complaint of sexual harassment, and that Life Care's reasons for her termination were false and pretextual." She relies on the following evidence: (1) Mr. Newbill admitted the substance of the allegations of sexual assault; (2) Ms. Biehl testified that she did not tell plaintiff that Mr. Newbill was going to be terminated; (3) Ms. Biehl testified that plaintiff did not receive a copy of defendant's sexual harassment policy; (4) Ms. Rinas testified that the attendance policy did not give her discretion to terminate employees that provided a two-hour notice if they were going to be absent; and (5) Ms. Rinas testified that in her deposition she had said that she violated the policy when she terminated plaintiff. Determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact are functions solely within the province of the jury. The jury may have reasonably discredited the testimony relied on by plaintiff. Viewing the evidence in the light most favorable to defendant, as the prevailing party, the court cannot find that the jury's verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence.

**IT IS THEREFORE ORDERED** that Plaintiff Jessica Villalpando's Motion for New Trial (Doc. 107) is denied.

Dated this 30th day of May 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**